UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON MITCHELL                                          CIVIL ACTION

VERSUS                                                  NO. 16-721

STATE FARM MUTUAL AUTOMOBILE                            SECTION "B"(5)
INSURANCE CO., ET AL.

## ORDER AND REASONS

Before this Court is Plaintiff's, Jason Mitchell, "Motion for Reconsideration" (Rec. Doc. 19-1), seeking remand to the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that this Court lacks subject matter jurisdiction. Defendants, State Farm Mutual Automobile Insurance Company[1] and Diana Mancini, have not opposed the instant motion for reconsideration or the previous motion for remand. For the below stated reasons, **IT IS ORDERED** that Plaintiff's Motion be **DENIED WITHOUT PREJUDICE,** to be reurged after the Plaintiff corrects the noted deficiencies stated below.

This case stems from an automobile accident that occurred on January 17, 2015, when Defendant Mancini struck the rear of the vehicle operated by Plaintiff, such that Plaintiff allegedly "suffered severe and disabling injuries . . . ." (Rec. Doc. 1-1 at 2). Plaintiff filed suit in Civil District Court for the Parish of Orleans on January 5, 2016, naming Defendants State Farm and

---

[1] State Farm is also named in its capacity as an un-insured/under-insured motorist carrier.

1

Mancini. Plaintiff sought damages for past and future physical pain and suffering; past, present, and future mental pain and suffering; past, present, and future medical expenses; loss of past and future earnings; loss of future earning capacity; past and future loss of enjoyment of life; permanent disability to the body; loss of consortium; and penalties and attorney's fees together with legal interest thereon from the date of judicial demand until paid; and for all costs of proceedings. (Rec. Doc. 1-1 at 1-2).

On January 27, 2016, Defendants timely filed their Notice of Removal with this Court, maintaining that federal subject matter jurisdiction exists under 28 U.S.C. § 1332 – averring that there is diversity of citizenship and that it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000. (Rec. Doc. 1).

On April 28, 2016, over three months after removal and after entry of a scheduling order, Plaintiff filed a motion to remand to state court. (Rec. Doc. 17). Plaintiff's motion was noticed for submission on May 25, 2016, such that an opposition on behalf of the Defendants was due no later than May 17, 2016. L.R. 7.5. No opposition was filed.

On June 2, 2016, this Court issued an order denying the Plaintiff's motion to remand. The Court noted the Plaintiff failed to file a binding sworn stipulation certifying the amount in

2

controversy is below $75,000 and irrevocably renouncing the option to seek or accept an award over that amount (Rec. Doc. 18).

On July 1, 2016, Plaintiff filed this instant motion seeking reconsideration of the Court's denial of the motion to remand, Pursuant to Fed. R. Civ. P. 60 (a) and (b) (Rec. Doc. 19-1).

Plaintiff contends that an ECF filing error prevented the court from properly evaluating the binding stipulation to renounce the right to accept a judgment over $75,000 and notes that the instant motion is unopposed. Plaintiff argues post-removal stipulations may be considered in establishing the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. Plaintiff contends that the amount in controversy was ambiguous and seeks to clarify that amount via a post-removal stipulation. We note however that the stipulation is only signed by the counsel and not by the Plaintiff under oath.

The Fifth Circuit holds that post-removal affidavits or stipulations of the **plaintiff** may be considered only in limited circumstances. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).[2] Specifically, they

---

[2] It should be noted that there is a disagreement amongst the U.S. Courts of Appeal for the various Circuits as to whether post-removal damage stipulations should be considered at all. *See* Benjamin T. Clark, *A Device Designed to Manipulate Diversity Jurisdiction: Why Courts Should Refuse to Recognize Post-Removal Damage Stipulations*, 58 Okla. L. Rev. 221, 231, 236 (2005) ("The U.S.

3

may be considered to clarify the amount in controversy as of the date of removal when it is ambiguous. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Fifth Circuit has held that the defendant has not met the burden for removal when:

> (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [$75,000]; (2) the defendant[] offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiff['s] claims; and (3) the plaintiff[] timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*Asociacion Nacional*, 988 F.2d at 566. If the Plaintiff satisfies the aforementioned factors and submits a sworn executed affidavit by him and his attorneys, Plaintiff may reurge within **fourteen days** of the date of this order. Oddly, a stipulation was filed in state court after removal and without plaintiff's signature. (Rec. Doc. 19-2).

---

Courts of Appeal for the Third, Sixth, and Seventh Circuits have held that post-removal damage stipulations should be disregarded[,]" while "the U.S. Court of Appeals for the Fifth Circuit and a myriad of federal district courts have held that post-removal damage stipulations may be considered to clarify the amount in controversy.").

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration be **DENIED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 12th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE